IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARMEN M. MALDONADO FONTAN AND LUZ E. OTERO SANTIAGO<br><br>    Plaintiff<br><br>v.<br><br>MOROVIS COMMUNITY HEALTH CENTER, INC.<br><br>    Defendant | CIVIL NO.<br><br>Re:  Age Discrimination in Employment Act; P.R. Law 100 of June, 30; P.R. Law 80 of May 30, 1976 (Severance Pay).<br><br>TRIAL BY JURY DEMANDED |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COME NOW** the Plaintiffs, Carmen M. Maldonado Fontan (hereinafter referred to as "Maldonado") and Luz E. Otero Santiago (hereinafter referred to as "Otero"), through the undersigned counsel, and very respectfully states and prays as follows:

**Nature of Action and Jurisdiction**

1. This action is brought pursuant to the Age Discrimination in Employment Act (hereinafter, "ADEA"), 29 U.S.C. § 621 *et seq.*, Puerto Rico's Law No. 100 of June 30, 1959, 29 L.P.R.A. § 146 *et seq.*, and Puerto Rico's Law No. 80 of May 30, 1976, 29 L.P.R.A. § 185a *et seq.*, seeking compensatory, double and liquidated damages, severance pay, back pay, and equitable and injunctive relief to seek redress for defendant's unlawful and discriminatory employment termination of Otero and Maldonado on the basis their age.

2. This Honorable Court has jurisdiction to entertain this action, pursuant to Section 7 of the ADEA, 29 U.S.C. § 626 (c) (1) and under 28 U.S.C. §§ 1331 and 1342 (a) (4).

3. Plaintiff further invokes pendent or supplemental jurisdiction of this Court under 28 U.S.C. § 1367 to hear Puerto Rico law claims arising from the same nucleus of operative facts. Supplemental jurisdiction of this Honorable Court is invoke to bring state claims pursuant to P.R. Law 100 of June, 30, 1959, 29 L.P.R.A. §§146, et seq.; P.R. Law 80 of May 30, 1976, 29 L.P.R.A. §§ 185, et seq.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (a) and (b), because it is where a substantial part of the events or omissions, giving raise to the claim, occurred.

5. On February 18, 2011, plaintiffs filed timely charges of discrimination on the basis of age before the Puerto Rico Antidiscrimination Unit (hereinafter referred to as "PRADU") and the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC"). Notices of Right to Sue from the EEOC were issued by the Miami District Office on September 20, 2011 and were received by Plaintiffs on September 24, 2011.

6. This Complaint is being filed within ninety (90) days of receipt of the EEOC's Notification of Right to Sue.

7. Plaintiff demands that all causes of action be tried before a jury.

The Parties

8. Plaintiffs are citizens of the United States and resident of Morovis, Puerto Rico.

9. Plaintiff Maldonado is over forty (40) years of age.

10. At the time of Maldonado's dismissal from her employment with Defendant she was 58 years of age.

11. Plaintiff Otero is over forty (40) year of age.

12. At the time of Otero's dismissal from her employment with Defendant she was 55 years of age.

13. Both Plaintiffs are employees under the provisions of ADEA, 29 U.S.C. § 630 (f), and is within the protected class under ADEA, 29 U.S.C. § 631 (a).

14. Morovis Community Health Center, Inc., (hereinafter referred to as "MCHC") is a domestic Non Profit Corporationorganized under the laws of the Commonwealth of Puerto Rico, with its principal place of business and/or headquarters in Morovis, Puerto Rico.

15. MCHC is engaged in the Healthcare and Hospital Industry and affiliated to the School of Medicine of the Central Caribbean University.

16. MCHC is a "person" within the meaning of 29 U.S.C. § 630(a).

17. MCHC is also an "employer" under the ADEA, 29 U.S.C. § 630(b).

18. MCHC is engaged in an "industry affecting commerce" within the meaning of 29 U.S.C. § 630 (h).

19. MCHC employs more than twenty (20) employees on a daily basis and at all times relevant to Plaintiffs employment employees more than twenty (20) employees during any work week. See, 29 U.S.C. § 630 (b).

20. Maldonado worked for MCHC for more than fifteen (15) years.

21. Otero worked for MCHC for more than fifteen (15) years.

22. MCHC is an employer under the definition provided by Puerto Rico Law No. 100, supra.

23. MCHC is an employer under the definition provided by Puerto Rico Law No. 80, supra.

## The Facts

24. Plaintiff repeats and realleges each and every preceding paragraph as if fully set herein.

25. Maldonado started working for MCHC on June, 1995 under an indefinite employee contract.

26. Otero started working for MCHC on August 1995 under an indefinite employee contract.

27. Both Plaintiffs' worked in the billing and collections department of MCHC.

28. As part of their duties both Plaintiffs' performed duties of billing, collection, register patients and provided several administrative services to the patients of MCHC.

29. At the end of the year 2010, MCHC decided to privatize its billing and collection services.

30. On or around December 2010, MCHC informed Plaintiff that if they wanted to continue working and performing their duties of registering patients and providing services to the patients, which they had been doing since their hiring with MCHC, they were obliged to sign new contract with MCH and be subject to a probationary period.

31. Requiring Plaintiff to sign a new employment contract with MCHC, subject to a

probationary period, for them to continue providing MCHC with the performance of duties they had being providing to MCHC since their hiring was contrary to state law and with the sole motivation to fire to take adverse employment action against them because of their age.

32. Notwithstanding the above, Plaintiffs felt forced to sign the new contracts in order to continue their employment with MCHC.

33. MCHC terminated Otero's employment on February 9, 2011.

34. MCHC terminated Maldonado's employment on February 10, 2011.

35. The highest salary earned by both Plaintiffs' during the last three (3) years of employment was $7.25 an hour.

36. During Maldonado's employment with MCHC she performed her job to her employer's satisfaction.

37. During Otero's employment with MCHC she performed her job to her employer's satisfaction.

38. Maldonado not only met MCHC's expectations and goals, and was commended for her work, but she was never reprimanded for any failure or deficiency in the performance of her job.

39. Otero not only met MCHC's expectations and goals, and was commended for her work, but she was never reprimanded for any failure or deficiency in the performance of her job.

40. At the time of Otero and Maldonado's employment termination MCHC maintain several other employees in the same classification of Plaintiffs' significantly younger

and with less seniority than both of them at MCHC.

41. The only reason why MCHC obliged Plaintiffs' to illegally signed new employment contracts on December 2010 in order for them to continue performing duties they had perform since their hiring in 1995, was to terminate their employment because of their age and to avoid paying them the severance pay under Puerto Rico Law 80 at a higher rate because of their accrued seniority.

42. The discriminatory actions of defendant of depriving plaintiffs of their duties, to illegally force them to sign new employment contracts and their subsequent dismissal were intentional and with reckless disregard of plaintiff's right under federal and local laws, all in violation of ADEA, Law 100, Law 80, previously cited.

43. Plaintiffs have suffered immensely for the discriminatory actions taken by defendant against them and have affected them economically and emotionally.

44. Ever since their was dismissed, plaintiff have suffered economic losses and deprivation of their salary, have lost sleep and rest, have felt humiliated and discriminated, all that has contributed to the loss of their peace of mind and emotional stability.

45. As up this date plaintiffs have not been able to obtain a job in spite of their endeavors seeking employment.

## First Cause of Action
## Under ADEA for Discrimination Based on Age

46. Plaintiffs' repeat and reallege each and every preceding paragraph as if fully set herein.

47. Defendant's conduct against Plaintiffs constitutes discrimination on the basis of age

in violation of ADEA.

48. As a proximate result of defendant's discriminatory practices Plaintiffs have suffered intensely, have been deprived of their means of livelihood, have suffered economic losses and have been emotionally injured.

49. As a result of Defendant discriminatory practices, Plaintiffs lost their salaries they were entitled to.

50. Defendant is liable to Plaintiffs for the back pay they would have been entitled had they been maintained in their position.

51. Plaintiff's Otero last annual salary was approximately $15,000.00.

52. Plaintiff's Maldonado last annual salary was approximately $15,000.00.

53. MCHC is liable to Plaintiffs under this cause of action for an amount in excess of $30,000.00

54. The liquidated damages are estimated at this time at no less than $30,000.00 before applying the double award for the punitive damages. This amount continues to increase with the passage of time and will be adjusted accordingly at the time of the trial.

55. Plaintiff's dismissal was the culmination of MCHC's discriminatory practices against them because of their age.

56. Plaintiffs employment termination was a violation of ADEA.

57. MCHC is liable to Plaintiffs under this cause of action for all the salaries and fringe benefits that Plaintiffs will not earn until the date of trial ("back pay") and for all the salaries that they will not receive in a reasonable future ("front pay"), if reinstatement

is not practical.

58. MCHC is liable Plaintiffs under this cause of action in an amount in excess of $600,000.00.

59. In addition Plaintiffs'are entitled to reinstatement and to an order forbidding any further discriminatory practices against her.

60. MCHCs discriminatory practices against Plaintiffs were malicious and/or carried with reckless indifference towards Plaintiffs' rights protected under federal law.

61. MCHC's discriminatory conduct constitutes a willful violation of the ADEA and as a result thereof defendant is liable to Plaintiffs for liquidated damages

## Second Cause of Action
## Under Puerto Rico Law 100

62. Plaintiffs repeats and realleges each and every preceding paragraph as if fully set herein.

63. MCHC's discriminatory conduct altered Plaintiffs employment conditions because of Plaintiffs' age.

64. Defendant's conduct constitutes a willful violation of Puerto Rico Law 100, of June 30, 1959, 29 L.P.R.A. § 146 *et seq*.

65. As an adequate remedy under said statute, defendant is liable to Plaintiffs for double the amount of back pay, front pay, and compensatory damages.

66. Plaintiffs are also entitled to reinstatement.

67. Under said statute Plaintiffs are entitled, in addition to the remedies above mentioned, to double compensatory and statutory damages. As a result thereof, Defendant is liable for double compensatory and statutory damages. These damages

are estimated at no less than one million five hundred thousand dollars ($1,000,000.00), for each Plaintiff which times two equals three million dollars ($2,000,000.00) each.

### Third Caused of Action
### Under Puerto Rico Law 80

68. Plaintiffs repeats and realleges each and every preceding paragraph as if fully set herein.

69. MCHC's actions constituted a termination of employment without just cause.

70. MCHC is liable to Plaintiffs pursuant to P.R. Law No. 80, of May 30 1976, as amended, including by P.R. Law 278, of September 15, 2008, 29 L.P.R.A. § 185a *et seq.*, for an amount equal to six (6) months of salaries plus benefits, as defined in the Law, and forty-fiivet (45) additional weeks of compensation, based on their highest earning in any thirty (30) day period within the year prior to the employee's dismissal.  This amounts to a severance pay of approximately Twenty Thousand Five Hundred and Thirty Two ($20, 532.00) each.

### Fourth Cause of Action
### Attorneys Fees and Prejudgment Interest

71. Plaintiffs repeats and realleges each and every preceding paragraph as if fully set herein.

72. MCHC is liable to Plaintiff for attorney's fees and costs under ADEA, 29 U.S.C. § 216 (b), and prejudgment interest pursuant to Rule 54 of the Federal Rules of Civil Procedure.

73. MCHC is also liable to Plaintiff for attorney's fees under Puerto Rico Law 100 and

Law 80.

**WHEREFORE**, all premises considered, Plaintiffs pray that judgment be entered in their favor and against MCHC including the following relief:

1) An order directing Defendant to reinstate Plaintiffs to their former positions and to cease and desist of any further discriminatory conduct on the basis of age against her.

2) Back pay, together with interest, for the period that Plaintiffs have been deprived of their salaries, as it was awarded to other employees in her previous position.

3) Lost benefits, both past and future.

4) Compensatory damages in an amount in excess of One Million Dollars ($1,000,000.00) each.

5) An award of liquidated damages equal to twice the back pay and fringe benefits lost by each Plaintiff.

6) An award of double compensatory damages, back pay, and front pay pursuant to P.R. Law No. 100 which equals Two Million Dollars ($2,000,000.00) for each Plaintiff.

7) In the alternative, severance pay pursuant to Puerto Rico Law No. 80.

8) An award of reasonable attorney's fees, together with costs, litigation expenses, and necessary disbursements.

9) Any other remedy which this Court may deem just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 21st, day of December 2011.

I hereby certify that on this same date, this document was filed electronically through the CM/ECF System which will send notification to the parties to their registered e-mail addresses.

**UFRET & FRONTERA LAW FIRM**
Capital Center Building
South Tower
Arterial Hostos Ave. #239
Suite 305, San Juan
Puerto Rico 00918-1475
Tel. 787.250.1420
Fax 787.763.3286

s/Juan M. Frontera Suau
**JUAN M. FRONTERA SUAU**
**USDC-PR 214905**