THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARMEN M. MALDONADO-FONTÁN, *et al.*,

**Plaintiffs,**

v.

MOROVIS COMMUNITY HEALTH CENTER, INC.,

**Defendant.**

CIVIL NO. 11-2246(JAG)

**OPINION AND ORDER**

GARCÍA-GREGORY, D.J.

Pending before the Court are Morovis Community Health Center, Inc.'s ("MCHC" or "Defendant") motions for summary judgment pursuant to Fed. R. Civ. P. 56. (Docket Nos. 15 & 24). For the reasons outlined below, the motions are hereby GRANTED.

**BACKGROUND**

On December 21st, 2011, plaintiffs Carmen M. Maldonado-Fontán ("Maldonado") and Luz E. Otero-Santiago ("Otero") (collectively "Plaintiffs") brought this civil action pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634. (Docket No. 1 ¶ 1). Specifically, Plaintiffs allege Defendant unlawfully terminated them in February, 2011, after almost 15 years of continuous employment. (Id. ¶¶ 20, 21, 33 &

34). They contend that, despite meeting MCHC's work-performance expectations, Defendant terminated Plaintiffs on account of their age. (Id. ¶¶ 38, 39 & 41). Plaintiffs further maintain they were subsequently replaced by two younger employees. (Docket Nos. 28-1 ¶ 20; 28-2 ¶ 17).[1]

        In its motions for summary judgment, Defendant argues that Plaintiffs were terminated because of their deficient performance at work as reflected in their job evaluations dated February, 2011. (Docket Nos. 15 at 8-9; 24 at 11). These evaluations show that Maldonado received an overall score of 2.47 out of 9, while Otero received an overall score of 2.68 out of 9. (Docket Nos. 15-4 & 25-2). Additionally, Defendant submitted into evidence two internal complaints filed against Otero by MCHC's Finance Director and MCHC's Compliance Officer, which were dated February 4, 2011, and February 8, 2011, respectively. (Docket No. 19-1). These make reference to two separate incidents in which Otero was disrespectful to patients or her co-workers. (See id. at 5, 7). Furthermore, Defendant

---

[1] Plaintiffs' termination came about after MCHC privatized the department in which they worked. (Docket No. 1 ¶ 29). As a result of the privatization, MCHC offered new employment contracts to Plaintiffs and six other employees, subject to a probationary period. (Docket Nos. 1 ¶ 30; 10 at 9). Plaintiffs were given the job of Registration and Patient Service Clerk. (Docket Nos. 21-1 & 25-1). They were terminated before the probationary period expired. (Docket Nos. 19-1, 21-1, 25-1 & 25-3).

CIVIL NO. 11-2246(JAG)                                                    3

disputes Plaintiffs' assertion that two younger employees were
hired as their replacements. (Docket No. 32 at 9). Instead,
Defendant maintains it only hired one employee, a 51-year-old
woman, subsequent to Plaintiffs' termination. (Id.).

## STANDARD OF LAW

A motion for summary judgment is governed by Rule 56 of
the Federal Rules of Civil Procedure. Fed. R. Civ. P. 56(a).
"Summary judgment is appropriate when the pleadings, the
discovery and disclosure materials on file, and any affidavits
show that there is no genuine issue as to any material fact and
that the movant is entitled to judgment as a matter of law."
Meléndez v. Autogermana, Inc., 622 F.3d 46, 49 (1st Cir. 2010)
(citing Fed. R. Civ. P. 56(c)). The objective of summary
judgment is to "pierce the pleadings and to assess the proof in
order to see whether there is a genuine need for trial."
Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,
587 (1986) (citing Fed. R. Civ. P. 56(e) advisory committee's
note to the 1963 amendment). The party moving for summary
judgment bears the burden of showing the absence of a genuine
issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317,
323 (1986).

"Once the moving party has properly supported [its] motion
for summary judgment, the burden shifts to the nonmoving party .

. . ." <u>Santiago-Ramos v. Centennial P.R. Wireless Corp.</u>, 217 F.3d 46, 52 (1st Cir. 2000) (citing <u>DeNovellis v. Shalala</u>, 124 F.3d 298, 306 (1st Cir. 1997)). The nonmovant must demonstrate "through submissions of evidentiary quality[] that a trial worthy issue persists." <u>Iverson v. City of Boston</u>, 452 F.3d 94, 98 (1st Cir. 2006) (internal citations omitted). Moreover, "on issues where the nonmovant bears the ultimate burden of proof, [it] must present *definite, competent evidence* to rebut the motion." <u>Mesnick v. Gen. Elec. Co.</u>, 950 F.2d 816, 822 (1st Cir. 1991) (emphasis ours) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256-57 (1986)). The Supreme Court further stated in <u>Celotex</u> that, where the nonmovant bears the burden of proof, the movant "may [] discharge[] [its summary judgment burden] by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." 477 U.S. at 325.

Therefore, summary judgment may be appropriate if the nonmoving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." <u>Forestier Fradera v. Municipality of Mayagüez</u>, 440 F.3d 17, 21 (1st Cir. 2006) (citing <u>Benoit v. Technical Mfg. Corp.</u>, 331 F.3d 166, 173 (1st Cir. 2003)). It is important to note that, throughout this process, courts cannot make

credibility determinations or weigh the evidence, as these are jury functions and not those of a judge. <u>Anderson</u>, 477 U.S. at 255.

## DISCUSSION

### 1.   ADEA

To succeed on their ADEA claim, Plaintiffs have "the ultimate burden of proving that [their] years were the determinative factor in [their] discharge, that is, that [Plaintiffs] would not have been fired but for [their] age." <u>Mesnick</u>, 950 F.2d at 823 (citing <u>Freeman v. Package Mach. Co.</u>, 865 F.2d 1331, 1335 (1st Cir. 1988)). Under the burden-shifting framework developed in <u>McDonnell Douglas Corp. v. Green</u>, the first step to discharge this burden is establishing the prima facie case of age discrimination. <u>Id.</u> (citing <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973)). Making out the prima facie case requires that Plaintiffs demonstrate that (1) they were over the age of forty, (2) their work was sufficient to meet MCHC's legitimate expectations, (3) an adverse action was taken against them, and (4) MCHC sought replacements for Plaintiffs, "thus revealing a continued need for the same services and skills." <u>Id.</u> (citing <u>Hebert v. Mohawk Rubber Co.</u>, 872 F.2d 1104, 1110 (1st Cir. 1989)). When a plaintiff satisfies

the prima facie case, this showing gives rise to a presumption that the employer discriminated against it because of age. Id.

Defendant can rebut the inference raised by the prima facie case by articulating a legitimate, nondiscriminatory reason for the adverse employment action. Id. (citing Hebert, 872 F.2d at 1111). When the employer meets this burden, which is one of production and not persuasion, the last stage of the McDonnell Douglas burden-shifting framework requires that the plaintiff show, "unassisted by the original inference of discrimination, that the employer's proffered reason is actually a pretext for discrimination [on account of age]." Id. (citing Tex. Dep't of Comty. Affairs v. Burdine, 450 U.S. 248, 253 (1981)). That is, Plaintiffs would have to "elucidate specific facts which would enable a jury to find that the reason given is not only a sham, but a sham intended to cover up the employer's real motive: age discrimination." Id. at 823-24 (citing Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 9 (1st Cir. 1990)).

In Mesnick, the First Circuit explored the interaction between the McDonnell Douglas burden-shifting framework and summary judgment practice. Id. at 824-25. "If the plaintiff has failed to limn a prima facie case, the inference of discrimination never arises, and the employer's motion for summary judgment will be granted." Id. On the other hand, where

CIVIL NO. 11-2246(JAG)                                              7

a plaintiff has established its prima facie case and the
employer has articulated a legitimate, nondiscriminatory
justification for its actions, "the ultimate question becomes
whether, on all the evidence of record, a rational factfinder
could conclude that age was [the] determining factor in the
employer's decision." Id. (citing U.S. Postal Serv. Bd. Of Govs.
v. Aikens, 462 U.S. 711, 716 (1983)). As the First Circuit
explained, this means that Plaintiffs "must offer some minimally
sufficient evidence, direct or indirect, both of pretext and of
the employer's discriminatory animus to prevail in the face of a
properly drawn Rule 56 motion." Id.

Although Defendant contends Plaintiffs have failed to
establish a prima facie case of age discrimination, its most
forceful argument is that Plaintiffs were terminated due to
their unsatisfactory work performance. (Docket Nos. 15 at 8-9;
24 at 11). Given Defendant's vigorous articulation of a
legitimate, nondiscriminatory reason justifying Plaintiffs'
termination, the Court assumes without deciding that the prima
facie case was met, and turns to the ultimate question whether
Plaintiffs adduced "some minimally sufficient evidence, direct
or indirect, both of pretext and of the employer's
discriminatory animus to prevail in the face of [Defendant's]

CIVIL NO. 11-2246(JAG)                                                    8

Rule 56 motion[s]." <u>Mesnick</u>, 950 F.2d at 824-25. This, Plaintiffs have failed to do.

### 2.   Pretext and Discriminatory Animus

The Court is unable to find in this record enough evidence that MCHC's proffered reason for terminating Plaintiffs was a sham intended to cover up age discrimination. While not required to produce smoking-gun evidence, statistical data showing disparate treatment of employees over forty years of age, pejorative comments targeting such group, and the recruitment of younger replacements are all examples of circumstantial evidence that other ADEA plaintiffs have introduced to meet their burden. <u>Id.</u> at 824. Also relevant is evidence that the employer deviated from established policies or practices. <u>Brennan v. GTE Gov't Sys. Corp.</u>, 150 F.3d 21, 29 (1st Cir. 1998) (citing <u>Lattimore v. Polaroid Corp.</u>, 99 F.3d 456, 466-67 (1st Cir. 1996)). Although pretext and discriminatory animus are two distinct elements within the last step of the <u>McDonnell Douglas</u> burden-shifting framework, Plaintiffs "may rely on the same evidence to prove both pretext and discrimination, as long as the evidence rises to the level of meeting both requirements." <u>Id.</u> at 28 (citing <u>Udo v. Tomes</u>, 54 F.3d 9, 13 (1st Cir. 1995)).

Defendant's proffered reason for terminating Plaintiffs is that their work performance was unsatisfactory. (Docket Nos. 15

at 8-9; 24 at 11). In support of this justification, MCHC submitted Plaintiffs' evaluation forms dated February, 2011, which show that Maldonado received an overall score of 2.47 out of 9, while Otero received an overall score of 2.68 out of 9. (Docket Nos. 15-4 & 25-2).[2] Additionally, Defendant submitted as evidence two internal complaints against Otero, dated February 4, 2011, and February 8, 2011, filed by MCHC's Finance Director and MCHC's Compliance Officer, respectively. (Docket No. 19-1). The complaints make reference to two separate incidents in which Otero was disrespectful to patients or her co-workers. See id. Finally, MCHC presented three sworn statements by the Director of Human Resources regarding Plaintiffs' evaluations and the internal complaints, (Docket Nos. 15-2, 24-2 & 32-1), as well as a sworn statement by MCHC's Compliance Officer regarding the internal complaint he filed against Otero. (Docket No. 15-2).

    In the face of Defendant's abundant proof of Plaintiffs' unsatisfactory performance, Plaintiffs offer the following evidence to establish that Defendant's proffered reason was pretext for age discrimination. First, they contend that Defendant violated its established policies when it evaluated

---

[2] The evaluation instructions provide that an employee who receives a score of 3 "minimally meets expectations." (Docket No. 25-2). On the other hand, an employee who "frequently does not meet expectations" should be assigned a score of 2. Id. Plaintiffs' overall performance falls somewhere between these two characterizations.

Plaintiffs' performance in February, 2011. (Docket Nos. 27 at 2;
28 at 6, 9). To support this contention, Plaintiffs point out
that the evaluation forms of Maldonado and Otero are unsigned,
even though the instructions provide that Defendant had to
obtain the signatures of Plaintiffs' immediate supervisor, the
Director of Human Resources, and the Executive Director. (Docket
Nos. 15-4; 25-2; 28 at 6, 9). Plaintiffs also contend that
Defendant failed to inform Maldonado and Otero of the
evaluations, while the instructions require Defendant to discuss
with employees the results of their evaluations and also obtain
their signatures. Id.

    Nevertheless, this Court is not persuaded that Plaintiffs
established a trialworthy issue as to the existence of a policy
or that the small deviations described above constitute
sufficient evidence of pretext. Despite having had ample time
for discovery, the record is devoid of evidence showing that
MCHC habitually obtained the signatures of multiple high-ranking
employees as part of each evaluation. Similarly, Plaintiffs
failed to incorporate into the record the evaluations of the
other six employees that signed probationary contracts, even
though these would have been easily obtainable. Had these
evaluations been introduced and shown that MCHC obtained the
relevant signatures and discussed the results with all employees

CIVIL NO. 11-2246(JAG)                                              11

but Plaintiffs, Plaintiffs might have made out a genuine issue
of material fact as regards pretext.[3]

    Plaintiffs then contend that Defendant hired two younger
employees as their replacement, and that this constitutes
evidence of pretext and discriminatory animus. (Docket No. 28 at
7-8, 10). In support of their argument, both Maldonado and Otero
submitted declarations under penalty of perjury. (Docket Nos.
28-1 & 28-2). However, Defendant provided competent evidence
contradicting Plaintiffs' assertion: the table accompanying the
Director of Human Resources' Statement Under Penalty of Perjury
establishes that only one employee, Ana Santiago Díaz, was hired
after Plaintiffs' termination. (Docket No. 32-1). Moreover, the
table shows that this employee is over 50 years old and not
younger than Plaintiffs. Id. As to the other employee to which
Plaintiffs make reference, Verónica Pérez Rodríguez, the table
shows that she was first hired in March, 2010, and then rehired

_____

[3] Plaintiffs cited to Kouvchinov v. Parametric Tech. Corp. in
support of their argument that Defendant deviated from its
practices, evidencing pretext. (Docket No. 27 at 11). In this
case, involving a claim under the Employee Retirement Income
Security Act of 1974, 29 U.S.C. §§ 1101-1461, the First Circuit
concluded that the plaintiff had not produced competent evidence
establishing that the employer had a standard practice.
Kouvchinov v. Parametric Tech. Corp., 537 F.3d 62, 68 (1st Cir.
2008). In reaching its conclusion, the court pointed out that
the plaintiff had failed to adduce evidence that other employees
believed to have committed the same acts as him were treated any
differently by the employer. Id. at 69. Again, this type of
evidence is also absent from the record in the present case.

on a probationary contract on January 3rd, 2011. Id. Because
Plaintiffs were terminated in February, 2011, Verónica Pérez
Rodríguez could not have been recruited as a replacement for
Plaintiffs. Finally, the table also shows that Defendant kept
two employees in Plaintiffs' age group after Plaintiffs'
termination, a 51 year-old and a 47 year-old. Id. Taken
together, this evidence cannot plausibly support a finding of
pretext for discrimination on account of age.[4]

Plaintiffs' last piece of evidence of pretext and
discriminatory animus is their assertion that MCHC's proffered
reason, as well as the performance evaluations and incident
reports offered by Defendant, "are false as specifically denied
by [Plaintiffs]" in their declarations under penalty of perjury.
(Docket Nos. 27 at 3; 28-1 ¶¶ 8-14; 28-2 ¶¶ 8-10). Nevertheless,
Plaintiffs simply ask this Court to disregard Defendant's ample
evidence and instead believe their own assessment of their work

---

[4] Plaintiffs also submit that MCHC fired them while retaining
several other employees who were "significantly younger and with
less seniority than both [Otero and Maldonado] . . . ." (Docket
No. 1 ¶40). Although the table submitted by Defendant shows that
Plaintiffs had been with MCHC the longest out of all the
employees involved in the reorganization, the First Circuit has
held that while "factoring [an employee's] pension status into
the decisional mix in a reduction-in-force situation may seem
unfair, it is not probative of age discrimination." Cruz-Ramos
v. P.R. Sun Oil Co., 202 F.3d 381, 386 (1st Cir. 2000). That is,
"employment decisions sparked by factors other than age, such as
pension status, do not prove age discrimination even though such
factors correlate with age to some extent." Id.

CIVIL NO. 11-2246(JAG)                                                      13

performance, without submitting any supporting proof. Again,
Plaintiffs' failure to present competent evidence is underscored
by the fact that the parties had ample time for discovery.
During this time, Plaintiffs could have obtained the evaluations
of the other six employees to show, for example, that all
employees received comparably poor scores. Such a showing would
have created a genuine issue of material fact as to Defendant's
unsatisfactory-performance justification, leaving open the
possibility that Plaintiffs would not have been fired but for
their age. Nonetheless, Plaintiffs failed to take advantage of
discovery, and are now unable to refute Defendant's abundant
submissions as to their poor work performance. Their
unsubstantiated assertions that Defendant's proffered evidence
is false are insufficient for a reasonable factfinder to
conclude that MCHC's actions were sham to cover up for their
age-discrimination agenda.

        Because the Court is unable to find in this record
sufficient evidence that age was the determining factor in
MCHC's decision to terminate Plaintiffs, Defendant's motions for
summary judgment must be granted.

        **3.   State Law Claims**
        A district court has discretion to exercise supplemental
jurisdiction over state law claims where both state and federal

CIVIL NO. 11-2246(JAG)                                              14

claims derive from a common nucleus of operative facts. 28
U.S.C. § 1367. See also United Mine Workers v. Gibbs, 383 U.S.
715, 725 (1966); Ortiz v. U.S. Gov't, 595 F.2d 65, 71 (1st Cir.
1979). However, where all federal claims are dismissed before
trial, the district court should decline to exercise
supplemental jurisdiction. Gibbs, 383 U.S. at 726; Martínez v.
Colón, 54 F.3d 980, 990 (1st Cir. 1995) (affirming the dismissal
without prejudice of supplemental claims when the district court
determined no federal question existed far ahead of trial).

    In light of the Court's determination to grant Defendant's
motions for summary judgment on Plaintiffs' federal claims,
Plaintiffs' state law claims pursuant to P.R. Laws Ann. tit. 29,
§§ 146-151, 185 are dismissed. (Docket No. 1 at 8-9).

CONCLUSION

    For the reasons stated above, Defendant's motions for
summary judgment, (Docket Nos. 15 & 24), are hereby **GRANTED**.
Plaintiffs' state law claims are **DISMISSED WITHOUT PREJUDICE**.
Judgment shall be entered accordingly.

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, this 19th day of August, 2013.

                              S/ Jay A. García-Gregory
                               JAY A. GARCÍA-GREGORY
                              United States District Judge