THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARMEN M. MALDONADO-FONTÁN, *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> MOROVIS COMMUNITY HEALTH CENTER, INC., <br><br> **Defendant.** | CIVIL NO. 11-2246(JAG) |

**OPINION AND ORDER**

GARCÍA-GREGORY, D.J.

Pending before the Court are Morovis Community Health Center, Inc.'s ("MCHC" or "Defendant") motions for summary judgment pursuant to Fed. R. Civ. P. 56. (Docket Nos. 15 & 24). For the reasons outlined below, the motions are hereby GRANTED.

**BACKGROUND**

On December 21st, 2011, plaintiffs Carmen M. Maldonado-Fontán ("Maldonado") and Luz E. Otero-Santiago ("Otero") (collectively "Plaintiffs") brought this civil action pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634. (Docket No. 1 ¶ 1). Specifically, Plaintiffs allege Defendant unlawfully terminated them in February, 2011, after almost 15 years of continuous employment. (Id. ¶¶ 20, 21, 33 &

34). They contend that, despite meeting MCHC's work-performance expectations, Defendant terminated Plaintiffs on account of their age. (Id. ¶¶ 38, 39 & 41). Plaintiffs further maintain they were subsequently replaced by two younger employees. (Docket Nos. 28-1 ¶ 20; 28-2 ¶ 17).[1]

In its motions for summary judgment, Defendant argues that Plaintiffs were terminated because of their deficient performance at work as reflected in their job evaluations dated February, 2011. (Docket Nos. 15 at 8-9; 24 at 11). These evaluations show that Maldonado received an overall score of 2.47 out of 9, while Otero received an overall score of 2.68 out of 9. (Docket Nos. 15-4 & 25-2). Additionally, Defendant submitted into evidence two internal complaints filed against Otero by MCHC's Finance Director and MCHC's Compliance Officer, which were dated February 4, 2011, and February 8, 2011, respectively. (Docket No. 19-1). These make reference to two separate incidents in which Otero was disrespectful to patients or her co-workers. (See id. at 5, 7). Furthermore, Defendant

---

[1] Plaintiffs' termination came about after MCHC privatized the department in which they worked. (Docket No. 1 ¶ 29). As a result of the privatization, MCHC offered new employment contracts to Plaintiffs and six other employees, subject to a probationary period. (Docket Nos. 1 ¶ 30; 10 at 9). Plaintiffs were given the job of Registration and Patient Service Clerk. (Docket Nos. 21-1 & 25-1). They were terminated before the probationary period expired. (Docket Nos. 19-1, 21-1, 25-1 & 25-3).

disputes Plaintiffs' assertion that two younger employees were hired as their replacements. (Docket No. 32 at 9). Instead, Defendant maintains it only hired one employee, a 51-year-old woman, subsequent to Plaintiffs' termination. (Id.).

**STANDARD OF LAW**

A motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 56(a). "Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Meléndez v. Autogermana, Inc., 622 F.3d 46, 49 (1st Cir. 2010) (citing Fed. R. Civ. P. 56(c)). The objective of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing Fed. R. Civ. P. 56(e) advisory committee's note to the 1963 amendment). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

"Once the moving party has properly supported [its] motion for summary judgment, the burden shifts to the nonmoving party .

. . ." Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000) (citing DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997)). The nonmovant must demonstrate "through submissions of evidentiary quality[] that a trial worthy issue persists." Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (internal citations omitted). Moreover, "on issues where the nonmovant bears the ultimate burden of proof, [it] must present *definite, competent evidence* to rebut the motion." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (emphasis ours) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57 (1986)). The Supreme Court further stated in Celotex that, where the nonmovant bears the burden of proof, the movant "may [] discharge[] [its summary judgment burden] by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." 477 U.S. at 325.

Therefore, summary judgment may be appropriate if the nonmoving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Forestier Fradera v. Municipality of Mayagüez, 440 F.3d 17, 21 (1st Cir. 2006) (citing Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)). It is important to note that, throughout this process, courts cannot make

credibility determinations or weigh the evidence, as these are jury functions and not those of a judge. Anderson, 477 U.S. at 255.

## DISCUSSION

### 1. ADEA

To succeed on their ADEA claim, Plaintiffs have "the ultimate burden of proving that [their] years were the determinative factor in [their] discharge, that is, that [Plaintiffs] would not have been fired but for [their] age." Mesnick, 950 F.2d at 823 (citing Freeman v. Package Mach. Co., 865 F.2d 1331, 1335 (1st Cir. 1988)). Under the burden-shifting framework developed in McDonnell Douglas Corp. v. Green, the first step to discharge this burden is establishing the prima facie case of age discrimination. Id. (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)). Making out the prima facie case requires that Plaintiffs demonstrate that (1) they were over the age of forty, (2) their work was sufficient to meet MCHC's legitimate expectations, (3) an adverse action was taken against them, and (4) MCHC sought replacements for Plaintiffs, "thus revealing a continued need for the same services and skills." Id. (citing Hebert v. Mohawk Rubber Co., 872 F.2d 1104, 1110 (1st Cir. 1989)). When a plaintiff satisfies

the prima facie case, this showing gives rise to a presumption that the employer discriminated against it because of age. Id.

Defendant can rebut the inference raised by the prima facie case by articulating a legitimate, nondiscriminatory reason for the adverse employment action. Id. (citing Hebert, 872 F.2d at 1111). When the employer meets this burden, which is one of production and not persuasion, the last stage of the McDonnell Douglas burden-shifting framework requires that the plaintiff show, "unassisted by the original inference of discrimination, that the employer's proffered reason is actually a pretext for discrimination [on account of age]." Id. (citing Tex. Dep't of Comty. Affairs v. Burdine, 450 U.S. 248, 253 (1981)). That is, Plaintiffs would have to "elucidate specific facts which would enable a jury to find that the reason given is not only a sham, but a sham intended to cover up the employer's real motive: age discrimination." Id. at 823-24 (citing Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 9 (1st Cir. 1990)).

In Mesnick, the First Circuit explored the interaction between the McDonnell Douglas burden-shifting framework and summary judgment practice. Id. at 824-25. "If the plaintiff has failed to limn a prima facie case, the inference of discrimination never arises, and the employer's motion for summary judgment will be granted." Id. On the other hand, where

a plaintiff has established its prima facie case and the employer has articulated a legitimate, nondiscriminatory justification for its actions, "the ultimate question becomes whether, on all the evidence of record, a rational factfinder could conclude that age was [the] determining factor in the employer's decision." Id. (citing U.S. Postal Serv. Bd. Of Govs. v. Aikens, 462 U.S. 711, 716 (1983)). As the First Circuit explained, this means that Plaintiffs "must offer some minimally sufficient evidence, direct or indirect, both of pretext and of the employer's discriminatory animus to prevail in the face of a properly drawn Rule 56 motion." Id.

Although Defendant contends Plaintiffs have failed to establish a prima facie case of age discrimination, its most forceful argument is that Plaintiffs were terminated due to their unsatisfactory work performance. (Docket Nos. 15 at 8-9; 24 at 11). Given Defendant's vigorous articulation of a legitimate, nondiscriminatory reason justifying Plaintiffs' termination, the Court assumes without deciding that the prima facie case was met, and turns to the ultimate question whether Plaintiffs adduced "some minimally sufficient evidence, direct or indirect, both of pretext and of the employer's discriminatory animus to prevail in the face of [Defendant's]

Rule 56 motion[s]." Mesnick, 950 F.2d at 824-25. This, Plaintiffs have failed to do.

### 2.  Pretext and Discriminatory Animus

The Court is unable to find in this record enough evidence that MCHC's proffered reason for terminating Plaintiffs was a sham intended to cover up age discrimination. While not required to produce smoking-gun evidence, statistical data showing disparate treatment of employees over forty years of age, pejorative comments targeting such group, and the recruitment of younger replacements are all examples of circumstantial evidence that other ADEA plaintiffs have introduced to meet their burden. Id. at 824. Also relevant is evidence that the employer deviated from established policies or practices. Brennan v. GTE Gov't Sys. Corp., 150 F.3d 21, 29 (1st Cir. 1998) (citing Lattimore v. Polaroid Corp., 99 F.3d 456, 466-67 (1st Cir. 1996)). Although pretext and discriminatory animus are two distinct elements within the last step of the McDonnell Douglas burden-shifting framework, Plaintiffs "may rely on the same evidence to prove both pretext and discrimination, as long as the evidence rises to the level of meeting both requirements." Id. at 28 (citing Udo v. Tomes, 54 F.3d 9, 13 (1st Cir. 1995)).

Defendant's proffered reason for terminating Plaintiffs is that their work performance was unsatisfactory. (Docket Nos. 15

at 8-9; 24 at 11). In support of this justification, MCHC submitted Plaintiffs' evaluation forms dated February, 2011, which show that Maldonado received an overall score of 2.47 out of 9, while Otero received an overall score of 2.68 out of 9. (Docket Nos. 15-4 & 25-2).[2] Additionally, Defendant submitted as evidence two internal complaints against Otero, dated February 4, 2011, and February 8, 2011, filed by MCHC's Finance Director and MCHC's Compliance Officer, respectively. (Docket No. 19-1). The complaints make reference to two separate incidents in which Otero was disrespectful to patients or her co-workers. See id. Finally, MCHC presented three sworn statements by the Director of Human Resources regarding Plaintiffs' evaluations and the internal complaints, (Docket Nos. 15-2, 24-2 & 32-1), as well as a sworn statement by MCHC's Compliance Officer regarding the internal complaint he filed against Otero. (Docket No. 15-2).

In the face of Defendant's abundant proof of Plaintiffs' unsatisfactory performance, Plaintiffs offer the following evidence to establish that Defendant's proffered reason was pretext for age discrimination. First, they contend that Defendant violated its established policies when it evaluated

---

[2] The evaluation instructions provide that an employee who receives a score of 3 "minimally meets expectations." (Docket No. 25-2). On the other hand, an employee who "frequently does not meet expectations" should be assigned a score of 2. Id. Plaintiffs' overall performance falls somewhere between these two characterizations.

Plaintiffs' performance in February, 2011. (Docket Nos. 27 at 2; 28 at 6, 9). To support this contention, Plaintiffs point out that the evaluation forms of Maldonado and Otero are unsigned, even though the instructions provide that Defendant had to obtain the signatures of Plaintiffs' immediate supervisor, the Director of Human Resources, and the Executive Director. (Docket Nos. 15-4; 25-2; 28 at 6, 9). Plaintiffs also contend that Defendant failed to inform Maldonado and Otero of the evaluations, while the instructions require Defendant to discuss with employees the results of their evaluations and also obtain their signatures. Id.

Nevertheless, this Court is not persuaded that Plaintiffs established a trialworthy issue as to the existence of a policy or that the small deviations described above constitute sufficient evidence of pretext. Despite having had ample time for discovery, the record is devoid of evidence showing that MCHC habitually obtained the signatures of multiple high-ranking employees as part of each evaluation. Similarly, Plaintiffs failed to incorporate into the record the evaluations of the other six employees that signed probationary contracts, even though these would have been easily obtainable. Had these evaluations been introduced and shown that MCHC obtained the relevant signatures and discussed the results with all employees

but Plaintiffs, Plaintiffs might have made out a genuine issue of material fact as regards pretext.[3]

Plaintiffs then contend that Defendant hired two younger employees as their replacement, and that this constitutes evidence of pretext and discriminatory animus. (Docket No. 28 at 7-8, 10). In support of their argument, both Maldonado and Otero submitted declarations under penalty of perjury. (Docket Nos. 28-1 & 28-2). However, Defendant provided competent evidence contradicting Plaintiffs' assertion: the table accompanying the Director of Human Resources' Statement Under Penalty of Perjury establishes that only one employee, Ana Santiago Díaz, was hired after Plaintiffs' termination. (Docket No. 32-1). Moreover, the table shows that this employee is over 50 years old and not younger than Plaintiffs. Id. As to the other employee to which Plaintiffs make reference, Verónica Pérez Rodríguez, the table shows that she was first hired in March, 2010, and then rehired

---

[3] Plaintiffs cited to Kouvchinov v. Parametric Tech. Corp. in support of their argument that Defendant deviated from its practices, evidencing pretext. (Docket No. 27 at 11). In this case, involving a claim under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1101-1461, the First Circuit concluded that the plaintiff had not produced competent evidence establishing that the employer had a standard practice. Kouvchinov v. Parametric Tech. Corp., 537 F.3d 62, 68 (1st Cir. 2008). In reaching its conclusion, the court pointed out that the plaintiff had failed to adduce evidence that other employees believed to have committed the same acts as him were treated any differently by the employer. Id. at 69. Again, this type of evidence is also absent from the record in the present case.

Case 3:11-cv-02246-JAG   Document 39   Filed 08/19/13   Page 12 of 14
**CIVIL NO.** 11-2246(JAG)                                                    12

on a probationary contract on January 3rd, 2011. Id. Because Plaintiffs were terminated in February, 2011, Verónica Pérez Rodríguez could not have been recruited as a replacement for Plaintiffs. Finally, the table also shows that Defendant kept two employees in Plaintiffs' age group after Plaintiffs' termination, a 51 year-old and a 47 year-old. Id. Taken together, this evidence cannot plausibly support a finding of pretext for discrimination on account of age.[4]

Plaintiffs' last piece of evidence of pretext and discriminatory animus is their assertion that MCHC's proffered reason, as well as the performance evaluations and incident reports offered by Defendant, "are false as specifically denied by [Plaintiffs]" in their declarations under penalty of perjury. (Docket Nos. 27 at 3; 28-1 ¶¶ 8-14; 28-2 ¶¶ 8-10). Nevertheless, Plaintiffs simply ask this Court to disregard Defendant's ample evidence and instead believe their own assessment of their work

---

[4] Plaintiffs also submit that MCHC fired them while retaining several other employees who were "significantly younger and with less seniority than both [Otero and Maldonado] . . . ." (Docket No. 1 ¶40). Although the table submitted by Defendant shows that Plaintiffs had been with MCHC the longest out of all the employees involved in the reorganization, the First Circuit has held that while "factoring [an employee's] pension status into the decisional mix in a reduction-in-force situation may seem unfair, it is not probative of age discrimination." Cruz-Ramos v. P.R. Sun Oil Co., 202 F.3d 381, 386 (1st Cir. 2000). That is, "employment decisions sparked by factors other than age, such as pension status, do not prove age discrimination even though such factors correlate with age to some extent." Id.

performance, without submitting any supporting proof. Again, Plaintiffs' failure to present competent evidence is underscored by the fact that the parties had ample time for discovery. During this time, Plaintiffs could have obtained the evaluations of the other six employees to show, for example, that all employees received comparably poor scores. Such a showing would have created a genuine issue of material fact as to Defendant's unsatisfactory-performance justification, leaving open the possibility that Plaintiffs would not have been fired but for their age. Nonetheless, Plaintiffs failed to take advantage of discovery, and are now unable to refute Defendant's abundant submissions as to their poor work performance. Their unsubstantiated assertions that Defendant's proffered evidence is false are insufficient for a reasonable factfinder to conclude that MCHC's actions were sham to cover up for their age-discrimination agenda.

Because the Court is unable to find in this record sufficient evidence that age was the determining factor in MCHC's decision to terminate Plaintiffs, Defendant's motions for summary judgment must be granted.

### 3. State Law Claims

A district court has discretion to exercise supplemental jurisdiction over state law claims where both state and federal

claims derive from a common nucleus of operative facts. 28 U.S.C. § 1367. See also United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966); Ortiz v. U.S. Gov't, 595 F.2d 65, 71 (1st Cir. 1979). However, where all federal claims are dismissed before trial, the district court should decline to exercise supplemental jurisdiction. Gibbs, 383 U.S. at 726; Martínez v. Colón, 54 F.3d 980, 990 (1st Cir. 1995) (affirming the dismissal without prejudice of supplemental claims when the district court determined no federal question existed far ahead of trial).

In light of the Court's determination to grant Defendant's motions for summary judgment on Plaintiffs' federal claims, Plaintiffs' state law claims pursuant to P.R. Laws Ann. tit. 29, §§ 146-151, 185 are dismissed. (Docket No. 1 at 8-9).

## CONCLUSION

For the reasons stated above, Defendant's motions for summary judgment, (Docket Nos. 15 & 24), are hereby **GRANTED**. Plaintiffs' state law claims are **DISMISSED WITHOUT PREJUDICE**. Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 19th day of August, 2013.

S/ Jay A. García-Gregory
JAY A. GARCÍA-GREGORY
United States District Judge